**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1785-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DANTE SELBY, a/k/a
GIGGER, and SELBY TABOO,

     Defendant-Appellant.

_____

Submitted March 9, 2022 – Decided March 21, 2022

Before Judges Whipple and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 17-01-0131, and Accusation No. 18-05-0871.

Joseph E. Krakora, Public Defender, attorney for appellant (Phuong V. Dao, Designated Counsel, on the brief).

Cary Shill, Acting Atlantic County Prosecutor, attorney for respondent (Kristen Pulkstenis, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dante Selby appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we decline to consider the arguments defendant raises for the first time on appeal and otherwise affirm because defendant failed to establish a prima facie showing of ineffective assistance of counsel.

We take the following facts from the record. An Atlantic County grand jury returned a nine-count indictment charging defendant with: three counts of third-degree possession of a controlled dangerous substance (CDS) (cocaine, heroin, and MDMA, respectively), N.J.S.A. 2C:35-10(a)(1) (counts one, two, and three); two counts of third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) (cocaine and MDMA, respectively) (counts four and five); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1) (count six); second-degree possession of a firearm while in the course of committing a violation of N.J.S.A. 2C:35-5(a)(1), N.J.S.A. 2C:39-4.1(a) (count seven); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count eight); and second-degree certain persons not to have firearms, N.J.S.A. 2C:39-7(b)(1) (count nine). A separate accusation

charged defendant with third-degree possession of CDS with intent to distribute (heroin), N.J.S.A. 2C:35-5(b)(3).

On May 31, 2018, defendant pled guilty to counts four and five of the indictment and to the accusation after waiving his rights to indictment, remain silent, and trial by jury. The plea agreement permitted defendant to apply to Drug Court (now known as Recovery Court) and provided for a recommended alternative sentence of concurrent six-year terms, subject to a three-year period of parole ineligibility, on each count, forfeiture of $590, and dismissal of the other seven counts. Defendant applied to Recovery Court and sentencing was held in abeyance pending the outcome of that application.

During the plea hearing, defendant testified that he understood the terms of the plea agreement, including the recommended sentence, that he was satisfied with the advice he received from trial counsel, that no one forced, threatened, or coerced him to plead guilty, and that he was guilty of the three counts of possession of CDS with intent to distribute. He then provided an adequate factual basis for his plea to each count. The court found defendant entered the pleas freely, voluntarily, and knowingly and accepted the pleas.

As part of defendant's application to Recovery Court, defendant underwent a Treatment Assessment Services for the Courts (TASC) evaluation

by a Recovery Court substance abuse evaluator.[1]  The TASC evaluation found defendant was not a drug user, suffered from mild alcohol abuse, and recommended that he not be admitted into Recovery Court.[2]  In response, defendant moved for special probation under N.J.S.A. 2C:35-14, which provides an alternate route to Recovery Court.

On April 12, 2019, the trial court heard argument on defendant's motion. At the outset, trial counsel noted that the plea agreement was based upon defendant's drug history and dependency.  Counsel asserted that defendant pled guilty so that he could "get in" Recovery Court.  Counsel stated that he submitted several TASC evaluations[3] and claimed they showed that defendant was "extremely drug dependent."

---

[1] A TASC evaluation is a substance abuse assessment by a certified or licensed substance abuse evaluator that is utilized to determine if an applicant is clinically eligible for Recovery Court.  "Following the evaluation, the substance abuse evaluator must produce a written evaluation to determine the presence and severity of a substance use disorder . . . and level of care" recommended. ADMIN. OFF. OF THE CTS., N.J. STATEWIDE DRUG COURT MANUAL (Dec. 2020). "TASC evaluations provide sentencing courts with 'the full measure of [the defendant's] substance abuse history[,]'" State v. Harris, 466 N.J. Super. 502, 545 (App. Div. 2021) (alteration in original) (quoting State v. Clarke, 203 N.J. 166, 183 (2010)), and determine if the applicant is drug dependent and the corresponding level of recommended treatment.

[2] The record on appeal does not include the TASC evaluation.

[3] The record on appeal also does not include these other TASC evaluations.

A-1785-20

Counsel explained the discrepancy between the TASC evaluations was because defendant "didn't fully understand the ramifications behind the TASC evaluation," and when the evaluator asked him "questions pertaining to the case[,] he didn't know" it was a "confidential conversation" that could not be used against him at trial. Counsel asserted that misunderstanding led to defendant's inaccurate answers during the evaluation, which resulted in the TASC evaluation's conclusion that defendant was not drug dependent.

Counsel emphasized that at the time defendant was admitted to the county jail, medical staff deemed defendant drug dependent, suffering from withdrawal, and placed him in detoxification. The handwritten entries on the intake and referral forms are only partially legible and somewhat equivocal. What is clear is that defendant was referred for "drugs and alcohol." A physician prescribed medication and issued orders to monitor defendant for a minimum of eight days. One progress note indicated "[s]table drug withdrawal continue current treatment plan." An alcohol/drug withdrawal evaluation form noted unstable withdrawal on December 10 and stable drug withdrawal on December 14. Undated "Medical Sheets and Flow Chart for Alcohol/Drug Program" prescribed promethazine, an anti-vomiting medication, and indicated defendant had no complaints on days three through eight of the detox. It appears to designate the

5

withdrawal as from opioids. However, a health evaluation form asked: "Are you currently detoxing?" and the box is checked "No." Another question asked: "Have you had withdrawal problems in the past?" and the box is checked "No." Defendant's behavior was marked "Appropriate" and he was approved for general population.

Trial counsel essentially argued that defendant was both clinically and legally eligible for Recovery Court and should have been admitted into the program. He indicated defendant was willing to attend an inpatient rehabilitation program.

During the motion hearing defendant interjected that he had "a really bad pill problem" due to a herniated disc in his lower back. He stated he had been "in and out of jail" and had violated probation and parole by using drugs. He asserted that incarceration did not help him with his "drug addiction problem," he had never participated in a program, and when released from jail he resorts to drugs.

The court denied defendant's motion and sentenced him that same day. In its oral decision, the court noted that defendant told the TASC evaluator that "he would get out of prison and return to selling drugs and always wind up back in prison. Not using drugs, selling drugs." Defendant interjected that he "never

said that." The court stated that although it released defendant from jail to obtain another TASC evaluation, the assessment defendant obtained was "not a TASC evaluation." It did not contain a narrative or a treatment recommendation. Instead, it merely printed out the DSM-5[4] criteria used to diagnose addiction disorders. The court determined that defendant was clinically ineligible for Recovery Court.

As to sentencing, the judge noted defendant was married and had three children. Twenty-eight arrests led to eighteen convictions, including five for indictable crimes, and twelve for disorderly persons offenses. As a juvenile, defendant incurred sixteen arrests and three delinquency adjudications.

The judge gave substantial weight to aggravating factors three (risk of re-offense), N.J.S.A. 2C:44-1(a)(3); six (seriousness and extent of prior criminal record), N.J.S.A. 2C:44-1(a)(6); and nine (need for general and specific deterrence), N.J.S.A. 2C:44-1(a)(9). The judge found no mitigating factors and that the aggravating factors clearly and convincingly outweighed the non-existent mitigating factors.

Defendant was sentenced in accordance with the plea agreement to three concurrent six-year terms, subject to a three-year period of parole ineligibility,

---

[4] DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (5th ed. 2013).

A-1785-20

and forfeiture of $590.  The remaining counts were dismissed.  Defendant did not move to withdraw his plea before or after sentencing and did not file a direct appeal from his conviction or sentence.

Instead, defendant filed a pro se petition for PCR that claimed ineffective assistance of trial counsel based on trial counsel's alleged failure to properly investigate the case.  PCR counsel was assigned to represent him.  PCR counsel argued that trial counsel was ineffective by: (1) failing to obtain and present medical records relating to defendant's drug dependence, which would have altered plea negotiations and sentencing; and (2) cumulative error by otherwise failing to negotiate and argue for an appropriate sentence, especially relating to Recovery Court eligibility.  An evidentiary hearing was requested.

Counsel argued that despite both trial counsel and the trial court being aware of defendant's drug dependency, the court determined that appropriate documentation was not submitted to confirm defendant was drug dependent.  Counsel contended documentation showing past and current drug dependency was available.  Counsel asserted it was reasonably likely that the State and the court would have agreed to a lower sentence with drug treatment that would provide the requisite level of care and early probation if trial counsel had properly negotiated and advocated for that result.

A-1785-20

Regarding sentencing, counsel contended that while drug dependence is not a mitigating factor, it should be fully considered in order to fashion an appropriate sentence. Defendant requested a modification of his sentence with credit for time served.

The PCR court heard oral argument on March 10, 2021. PCR counsel argued that trial counsel failed to "submit the appropriate paperwork to Drug Court" despite defendant's drug dependence. Counsel asserted that defendant did "not have any violent convictions" and "would have been a good candidate for Drug Court." He noted that defendant was being treated at the Bo Robinson Assessment & Treatment Center. The State argued that the TASC evaluator determined that defendant did not qualify for Drug Court because there was only minor alcohol abuse. The State contended trial counsel could not be deemed ineffective if defendant was not eligible for Recovery Court.

The PCR court denied the petition without an evidentiary hearing. In its oral decision, the court reasoned that the denial of entry into Recovery Court was because defendant was not clinically eligible, not because of ineffective assistance of counsel. The court noted the TASC evaluation found only mild alcohol abuse. It further noted that the charges were for "selling as opposed to

9

using drugs" and that defendant "indicated he was prepared to do it again."[5] The court concluded that defendant's submissions had been properly considered by the Recovery Court.

This appeal followed.  Defendant raises the following points:

POINT I

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO SUBMIT DRUG ASSESSMENT AND OTHER PAPERWORK IN SUPPORT OF DRUG COURT AND/OR SPECIAL-PROBATION.

POINT II

DEFENDANT'S GUILTY PLEA WAS NOT VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY MADE.

POINT III

PCR AND TRIAL COUNSEL WERE INEFFECTIVE FOR NOT FILING OR REQUESTING A DIRECT APPEAL TO BE FILED ON DEFENDANT'S BEHALF.

Under the Sixth Amendment of the United States Constitution, a criminal defendant is guaranteed the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 685-86 (1984).  To establish a prima

---

[5]  The record reflects that defendant pled guilty to three counts of possession of CDS with intent to distribute, not distribution.

facie claim of ineffective assistance of counsel, a defendant must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Id. at 687; accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

To meet the first prong, defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689.

To satisfy the second prong, defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

When a guilty plea is involved, the defendant must demonstrate that "(i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139

(2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

Defendant argues he was entitled to an evidentiary hearing because there were genuine issues of material fact in dispute. He contends that his assertion that his guilty plea was coerced is supported because as soon as he entered the guilty pleas, "he informed the State and the trial court that he would apply for Drug Court[]." He further contends that trial counsel was aware of his arrests and drug issues, which would qualify him for Drug Court, yet "trial counsel failed to obtain and submit a proper and accepted drug assessment or TASC evaluation."

Rule 3:22-10(b) provides:

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief. To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to defendant, will ultimately succeed on the merits.

In turn, Rule 3:22-10(c) provides: "Any factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification . . .

12

based upon personal knowledge of the declarant before the court may grant an evidentiary hearing."

Defendant's bare allegation that his plea was coerced was not supported by an affidavit, certification, or other competent evidence. Defendant did not recount what counsel said to him or otherwise describe the nature or extent of the purported coercion. Nor did he describe its impact upon him. Also absent is any allegation that trial counsel misled him, made false promises, or provided incorrect legal advice that led him to plead guilty.

With regard to counsel's alleged failure to obtain a TASC evaluation or acceptable substance abuse assessment, we note that defendant was found clinically ineligible for Recovery Court because the information that defendant himself provided to the TASC evaluator did not demonstrate that he was drug dependent. Notably, defendant does not contend that trial counsel told him to understate his drug abuse history, drug use leading up to his arrest, drug dependence, or opiate withdrawal.

Notably, defendant did not present the PCR court with a TASC evaluation or acceptable substance abuse assessment that met the requirements for admission into Recovery Court. The jail medical unit records contained in the confidential appendix fall far short of providing the necessary narrative of

13

defendant's substance abuse history, then current level of drug usage and dependency, and recommended treatment level.

Defendant bore the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). To meet that burden, he had to "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant's unsupported claims did not present a prima facie case for PCR. Accordingly, his argument that trial counsel was ineffective by failing to submit a TASC evaluation or acceptable substance abuse assessment was properly denied without an evidentiary hearing.

We next address defendant's argument that his plea was not made voluntarily, knowingly, and intelligently. The transcript of the plea hearing belies his argument.

During the plea hearing, defendant acknowledged that: he was satisfied with the advice of trial counsel, who had reviewed the plea agreement with him; his answers to the questions on the plea form were truthful; he understood the terms of the plea agreement, including the recommended sentence; no one forced him to plead guilty; he was pleading guilty to three counts of possession of CDS

because he was, in fact, guilty of those offenses, he was pleading guilty voluntarily, and had no questions for the court. Defendant answered each question clearly and without hesitation. He then provided a sufficient factual basis for his plea to each of the three counts, acknowledging that he was knowingly in possession of CDS with intent to distribute the drugs, which he knew was illegal. Defendant admitted to being in possession of fifty bags of heroin on two occasions. That quantity is consistent with an intent to distribute.

Lastly, in Point III, defendant argues for the first time on appeal that trial counsel was ineffective by failing to file a direct appeal from the Recovery Court denial. He claims he wanted to appeal that decision.

As a threshold matter, we will not consider this argument. This contention was not presented to the PCR court for its review, despite defendant's opportunity to do so in his pro se petition and his counseled brief. Nor was the issue raised during oral argument before the PCR court. Moreover, defendant did not submit a sworn statement in the form of an affidavit or certification, or other competent evidence to the PCR court, or this court, in support of that argument. See Cummings, 321 N.J. Super. at 170 (citing R. 1:6-6); see also R. 3:22-8 (requiring the petition to "set forth with specificity the facts upon which the claim for relief is based, the legal grounds of complaint asserted, and the

particular relief sought"); R. 3:22-10(c) (requiring factual assertions that provide the predicate for a PCR claim to be made by an affidavit or certification based upon personal knowledge of the declarant).

"For sound jurisprudential reasons, with few exceptions, '[we] will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'" State v. Witt, 223 N.J. 409, 419 (2015) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)). Indeed, our Supreme Court has long held appellate courts do not "consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). "Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012).

Defendant's newly minted argument is not jurisdictional in nature and does not substantially implicate the public interest. Moreover, the record is insufficient to permit the adjudication of defendant's delayed challenge, especially here, where defendant failed to support his bare assertions with a

16

previously filed sworn statement that "allege[s] facts sufficient to demonstrate counsel's alleged substandard performance."  Cummings, 321 N.J. Super. at 170.

Because we review the PCR court's ruling in view of the record before us, we decline to consider this belated, unsupported argument, which was not raised before the PCR court.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17